Dear Senator Paddack,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
Are the contracts entered into by, and in the possession of,the Health Insurance High Risk Pool, created by Section 6535 ofTitle 36, subject to disclosure under the Oklahoma Open RecordsAct?
 I. Creation Of The Health Insurance High Risk Pool
¶ 1 The Health Insurance High Risk Pool is a nonprofit legal entity whose members include all insurers and reinsurers providing health insurance or reinsurance in Oklahoma as a condition of doing business in this State. 36 O.S. Supp. 2005, §6535[36-6535](A). The Health Insurance High Risk Pool members are assessed sums of money to pay for the administrative expenses of, and to provide for claims paid under, a health insurance benefit plan that must be made available to certain eligible persons upon whose behalf, or by whom premiums must be paid. See id. §§ 6534, 6535(B)(5), 6536(4), 6538(D)(4).
¶ 2 The Health Insurance High Risk Pool is governed by a Board of Directors ("Board") whose expenditures in the performance of their official duties are reimbursed by the Health Insurance High Risk Pool. Id. § 6535(B)(5). "The Board shall adopt a primary plan and one or more alternative plans" for health insurance as part of its duties. Id. § 6535(B)(6).
¶ 3 While the nonprofit Health Insurance High Risk Pool's operations are supported by its members' assessment and it therefore operates financially independently of the State, the Health Insurance High Risk Pool does have connections with the State Insurance Department. In this regard, the Board of the Health Insurance High Risk Pool is appointed by the State Insurance Commissioner. Id. § 6535(B)(1). The Insurance Commissioner also, for example, receives notices of assessments,[1] approves standard forms with which all Board policy must conform,[2] receives operations information from the administering insurer for the Plan adopted by the Board,[3] approves standard risk rates,[4] and approves the articles, bylaws, and operating rules for each Plan.[5] However, the Board of the Health Insurance High Risk Pool must reimburse the Insurance Commissioner for any direct and actual administrative costs associated with administering the Health Insurance High Risk Pool Act from monies collected by the Board. See id. § 6535(B)(6).
 II. The Oklahoma Open Records Act
¶ 4 The Oklahoma Open Records Act provides generally for the disclosure of records of public bodies and public officials, with certain exceptions, as follows:
 All records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours[.]
51 O.S. Supp. 2005, § 24A.5[51-24A.5].
¶ 5 To determine what records, if any, may be subject to disclosure by the Health Insurance High Risk Pool we must first determine from within the context of this mandate under the Oklahoma Open Records Act whether the Health Insurance High Risk Pool is a public body or is administered by public officials.[6] See A.G. Opin. 02-5, at 32-34. "Public body" is defined under the Oklahoma Open Records Act as:
 2. "Public body" shall include, but not be limited to, any office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. Except for the records required by Section 24A.4 of this title, "public body" does not mean judges, justices, the Council on Judicial Complaints, the Legislature, or legislators[.]
51 O.S. Supp. 2005, § 24A.3[51-24A.3] (emphasis added). "Public official" means "any official or employee of any public body as definedherein[.]" Id. § 24A.3(4) (emphasis added).
¶ 6 We have previously established that the operations of the Health Insurance High Risk Pool are supported by Health Insurance High Risk Pool member assessments, and that any direct and actual administrative costs associated with administering the Health Insurance High Risk Pool Act by the Insurance Commissioner must be reimbursed by the Health Insurance High Risk Pool. 36 O.S.Supp. 2005, § 6535[36-6535](B)(6). Even the expenses of the Health Insurance High Risk Pool Board members in the performance of their official duties are reimbursed by the Health Insurance High Risk Pool. Id. § 6535(B)(5). In addition, the payments of claims to insureds are provided through member assessments. Id.
§ 6538(D)(7). Accordingly, neither the Health Insurance High Risk Pool nor the officials or employees of the Health Insurance High Risk Pool are supported in whole or in part by public funds, nor is the Health Insurance High Risk Pool entrusted with the expenditure of public funds, or administering or operating public property.
¶ 7 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982) (footnote omitted). When the language of a statute is plain and unambiguous and its meaning is clear, rules of construction are not used, and the statute's evident meaning must be accepted.Id. "Under the plain meaning of the statute, the statute applies only to defined `public bodies.'" A.G. Opin. 01-29, at 131.
¶ 8 The Legislature created the Health Insurance High Risk Pool as a financially independent, private, nonprofit legal entity, and has ensured that any public funds that might be used in the administration of the Health Insurance High Risk Pool Act by the Insurance Commissioner are reimbursed from the Health Insurance High Risk Pool. 36 O.S. Supp. 2005, § 6535[36-6535](B)(6). Accordingly, since the Health Insurance High Risk Pool is not a public body, nor operated by public officials, the records of the Health Insurance High Risk Pool are not subject to disclosure under the Oklahoma Open Records Act. See A.G. Opin. 01-29, at 131-32.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Open Records Act applies to the records of public bodies and public officials. 51 O.S. Supp. 2005, § 24A.5[51-24A.5].
 2. The Health Insurance High Risk Pool is not a public body, nor is it administered by public officials as those terms are defined in the Oklahoma Open Records Act. Id. § 24A.3(2), (4); 36 O.S. Supp. 2005, § 6535[36-6535].
 3. The Health Insurance High Risk Pool is a private entity whose records are not subject to disclosure under the Oklahoma Open Records Act. 51 O.S. Supp. 2005, § 24A.3[51-24A.3]; 36 O.S. Supp. 2005, § 6535[36-6535].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DOROTHY BROWN Assistant Attorney General
[1] Id. § 6536(4).
[2] Id. § 6536(6).
[3] Id. § 6538(D)(6).
[4] Id. § 6542(E)(6).
[5] Id. § 6535(B)(6).
[6] Your question is related to disclosure under the Oklahoma Open Records Act of records in the possession of the Health Insurance High Risk Pool. Accordingly, whether any records in the possession of the Insurance Commissioner in administering the Health Insurance High Risk Pool Act are subject to the disclosure provisions of the Oklahoma Open Records Act is not addressed in this Opinion.